## T. Maxwell v. W. C. McCune and another.

1. By the proviso to the 14th Section of the General Bankrupt Law, all property exempted from forced sale by the laws of the several States is saved to bankrupts; and it seems that such exempted property cannot be affected by a sale of the same by a bankrupt's assignee, though made by order of the Bankrupt Court, foreclosing a deed of trust. This court, however, disclaims the right to review the proceedings of the United States courts in bankruptcy.

2. On the 27th of February, 1869, H. leased his homestead for that year to M., who obligated himself to pay the rent on the 20th of December, 1869. Before maturity of the obligation, it was assigned by H. to the plaintiffs, who, after its maturity, brought suit on it against M. By his answer, M. alleged that H. was adjudged a bankrupt in October, 1868, having previously conveyed his homestead in trust to secure a debt; that the bankrupt court, on the 8th of February, 1869, ordered the assignee of H. to sell the property in satisfaction of the deed of trust; and that, on the 6th of April, 1869, defendant purchased it from the assignee and received from him a conveyance of it, whereby defendant became entitled, not only to the property itself, but also to the rents and his rental obligation sued on. *Held*, that the answer presented no defense to the action of the plaintiffs, who acquired the obligation in good faith and before its maturity.

APPEAL from Lamar. Tried below before the Hon. R. H. Taylor.

The material facts are indicated in the second head-note. The defense was set up by an amended answer, which, on motion of the plaintiffs, was stricken out by the court below. Verdict and judgment being rendered for the plaintiffs, the defendant moved for a new trial, and that being refused, he appeals and assigns for error the striking out of his amended answer.

*S. B. Maxey,* and *Hale & McDonald,* for the appellant.

By the 14th Section of the Bankrupt Law, approved March 2d, 1867, the title to all the property, real and personal, of the bankrupt, passes by operation of law to the assignee, by the assignment and conveyance to him by the Register, with the exceptions embodied in the proviso to said section. It is claimed that this property, being the homestead, is saved by the proviso.

Such might have been the case had not Hillburne and wife, on the 6th day of February, 1868, long prior to his going into bankruptcy, voluntarily encumbered this property with this deed of trust, to secure the debt therein named, and by that act the property passed to the assignee, who had a right to sell the same and discharge said debt; and the right to redeem this property, as well as the right to sell, which the bankrupt might have had, had not the assignment been made, passed, by a provision of said proviso to said 14th section, to the assignee, viz.: " and said property shall, in virtue of the adjudication in bank- " ruptcy and the appointment of his assignee, be at once vested " in such assignee."

By Section 20, a creditor who has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon, shall be admitted as a creditor only for the balance of the debt, after deducting the value of the property, to be ascertained by agreement between him and the assignee, " or by a sale there- " of, to be made in such manner as the court shall direct." It

is perfectly manifest that this property, encumbered as it was, passed to and was assets in the hands of the assignee, subject to be sold in discharge of the debt, in such manner as the court might direct; and so the court held, and on the 8th day of February, 1869, ordered the assignee to sell the same, and it was sold, and appellant bought and paid for it, and this judgment is not the subject of revisal here: and these proceedings are matters of public record, of which all persons have notice.

Hillburn was adjudged a bankrupt October 26th, 1868. The property was ordered to be sold February 8th, 1869. The contract sued on was made between appellant and the bankrupt, about the rent of this property, February 27th, 1869. The contract is executory. The property was, at the time, legally in possession of the assignee. Any interference therewith by the bankrupt was unwarranted by law, and any contract of his in relation thereto was null and void. So far as this property was concerned he was *civiliter mortuus*. He could acquire no rights to the fruits and revenues, because the assignee was the legal custodian and legal possessor. If, then, he had no right which could be enforced under this contract, he could pass none by assignment, and the appellees got none. In point of fact, the attempted rent of the place was after the U. S. District Court in Bankruptcy had condemned the property to be sold in satisfaction of the debt in the deed of trust set forth. This decree was on the 8th of February, 1869. The property was *in custodia legis*, and the contract was, in fact, in contempt of the court's authority, and null and void.

But, it may be said, Maxwell is as much to blame as Hillburn. This contract is executory. *In pari delicto, potior est conditio defendentis.*

*Second.* But, if the contract could possibly have any force, the assignee in bankruptcy would have become the beneficiary, and the consideration of the contract being the use of the place for the residue of the year 1869, and it being averred in the answer stricken out that no crop had matured on the day of sale (April 9th, 1869), and but little, if any, planted, and that

the object of said contract was for farming purposes, and that all the advantages and profits accrued after the sale, it follows that appellant, by his purchase and payment and conveyance, became and is the equitable beneficiary of said contract.

*Walton & Green*, and *F. W. Miner*, for the appellees.

WALKER, J. The defense set up in this action is utterly insufficient in law. The suit is by the assignees of a negotiable promissory note, against the maker, negotiated before maturity; and the plaintiffs are not chargeable with notice of any rights or equities against the note.

The note was given for the rent of the homestead of C. E. Hillburn. Hillburn and wife had given a deed of trust over the property. The husband subsequently went into bankruptcy, and it would appear that the bankrupt court regarded the property as passing to the assignee, and ordered the same to be sold as assets. Maxwell, the maker of the note, purchased the property with a full knowledge of all the facts.

It is not for us to review the proceedings of the bankrupt court; but certainly all property exempt from forced sale under the laws of the different States is saved to the bankrupt under the proviso in Section 14 of the Bankrupt Act of March 2d, 1867. But it is unnecessary for us to follow the learned argument of counsel in this case. Admitting the law touching the bankrupt's estate to be as claimed by the appellant, the appellees are still entitled to their judgment, and the judgment of the District Court is affirmed

Affirmed.