# Gayle *v.* Randall.

*Action on Promissory Note.*

1. *Bankruptcy; effect of on bankrupt's property.*—A bankrupt, by the adjudication of bankruptcy, becomes incapable of enforcing, in his own name, any property rights which belonged to him at the time of the adjudication; but upon the appointment of an assignee by the bankrupt court, and the execution and delivery of an assignment to him, all the property rights of the bankrupt, except such as were specially excepted from the operation of the bankrupt act, vest in the assignee, with the exclusive right to sue for the same.

2. *Same; effect of on husband's right to sue for rents of lands belonging to the wife's statutory separate estate.*—While rents of lands belonging to

[Gayle v. Randall.]

the wife, as her statutory separate estate, and received by the husband during coverture, are held by him in trust, and are not affected by his bankruptcy; yet, the death of the wife, intestate, terminating the trust, and creating, under the statute, a new right in the husband, rents of such lands, accruing thereafter, become the absolute property of the husband, and the right to collect them passes to his assignee in bankruptcy.

3. *Rent of lands; when a part of the freehold.*—The rule is, that, on the death of the owner of lands, rent, not then due, is not a *chose in action*, but is a part of the realty, and passes with the reversion of the freehold, as a mere incident, to those entitled.

4. *Right of bankrupt to exemption of personal property can not be asserted in State court*—A claim of exemption to personal property by a bankrupt must be asserted in the court of bankruptcy; and if not asserted and allowed by that court, it can not be afterwards asserted in a State court.

APPEAL from the City Court of Selma.

Tried before Hon. JONATHAN HARALSON.

This was an action by Reese D. Gayle against Henry C. Randall on a promissory note, made by the defendant on 22d January, 1872, and payable to the plaintiff on 1st December, 1872; and was commenced on 11th June, 1879. Among other defenses the defendant pleaded, in substance, and under oath, that after the execution of the note sued on, and prior to the commencement of this suit, the plaintiff, on his petition, was adjudged a bankrupt by the decree of the District Court of the United States, for the Middle District of Alabama, and obtained his discharge as such bankrupt; and that said note thereupon became the property of the plaintiff's assignee in bankruptcy; and that the plaintiff was not the owner of said note, nor had any interest therein, at the commencement of this suit. To this plea the plaintiff replied, among other things, (1) "that although entitled to do so, he did not claim, did not have or receive, nor was he ever allowed by the assignee in bankruptcy, nor by any other person, nor otherwise, his, nor any exemptions, in such bankruptcy, to which he was entitled as such bankrupt, so in bankruptcy, under the laws or the United States, or of this State;" and (2), in substance, that the note sued on was made and delivered to the plaintiff "in the settlement of the defendant's indebtedness to the plaintiff of and for, and the consideration of said note was, the rents, income and profits" of lands which belonged to M. L. Gayle, the plaintiff's wife (who died on 11th December, 1871), as her statutory separate estate; that at the time of her death she was an inhabitant of Dallas county, in this State, "with whom the plaintiff then, and long before that time, lived as man and wife in said county, and so received and became entitled to said income, rents and profits as her husband, to maintain his said wife and their four infant

[Gayle v. Randall.]

children, under the age of fourteen years, members of their said family, therewith; and which said rents, income and profits, and the right thereto, before the accrual of the said indebtedness of defendant to the plaintiff, and thereafter continuously until and since the making of said promissory note, vested in, and belonged to him, and still do vest in, and belong to him, the plaintiff, as such the then husband of the said M. L. Gayle," under the provisions of section 2372 of the Revised Code. To this replication the defendants interposed a demurrer, which was sustained by the court. The trial resulted in a judgment for the defendant, from which the plaintiff sued out this appeal; and he here assigns as error the ruling of the City Court above noted.

REID & MAY, for appellant.

SATTERFIELD & YOUNG, contra.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The note sued on by the appellant, Gayle, was given for the rent of land belonging to his wife's statutory separate estate. It was dated January 22d, 1872, and made payable to the plaintiff on the first of December following after date. The wife, Mrs. Gayle, *had died in December, 1871*, prior to the date of the execution of the note. The plaintiff filed his petition in the United States District Court in March, 1872, and was duly adjudged a bankrupt under the provisions of the Bankrupt Law of 1867. This action was instituted in June, 1879. There is evidence of one or more payments being made on the note, so as to prevent the bar of the statute of limitations from being perfected.

The main question presented for consideration is, whether, under this state of facts, the action will properly lie in the name of the plaintiff, his bankruptcy being set up by special plea for defense.

On the adjudication of plaintiff as a bankrupt, he became *civiliter mortuus*. He no longer possessed the privilege to enter the courts as a litigant, so as to enforce his individual and personal property rights in his own name, at least so far as concerned the past. Upon the appointment of an assignee by the bankrupt court, and the execution and delivery of an assignment to him, all the property rights of the bankrupt, except such as were specially excepted from the operation of the act, vested in the assignee, with the exclusive right to sue for the same.—Bankrupt Law, 1867, U. S. Rev. St. §§ 5047, 5054;

[Gayle v. Randall.]

Bump on Bank. (8th Ed.) pp. 473, 528–9; *Robinson v. Denny,* 57 Ala. 492; *Bolling v. Munchus,* 59 Ala. 482.

The only point, then, seems to be, as to the interest which the plaintiff owned in *the rents* of his deceased wife's property, which are here sued for, and evidenced by the note in question. It is insisted that this is a trust, and does not pass to the assignee. If the wife were living, there could then be little or no doubt of the correctness of the position. The rents and profits of the wife's statutory separate estate, under our laws, only pass to the husband as her trustee, for the support of the family, and they can not be subjected to the payment of the debts of the husband.—*Lee v. Tannenbaum,* 62 Ala. 501; Code, 1876, § 2706. Such a claim would be unaffected by the bankrupt law, which provides that "no property held by the bankrupt *in trust* shall pass by the assignment."—U. S. Rev. Stat. 5053; Bump on Bank. (8th Ed.) 539.

But no trust of any kind exists here. The decease of the wife put an end to the trust, and created a new right in the husband. The Code provides, that where a married woman, having a separate estate, dies intestate, as the presumption must be here in the absence of any proof of a will, the husband, if living, becomes entitled to the "use of the realty during his life."—Code, 1876, § 2714. The plaintiff, therefore, owned a life estate in the lands in question, and the rents became absolutely his after the death of Mrs. Gayle, which occurred in December, 1871. This view is conclusive of the question against the appellant.

It is insisted that the pleadings show that the rents in question accrued prior to Mrs. Gayle's death, and that this fact is admitted by the defendants' demurrer to the second replication of the plaintiff. We do not so construe the replication, taking its averments, according to a well settled rule, most strongly against the pleader. Even if these rents were for the year 1871, there is nothing to show that they fell due before the wife's decease; and the rule is, that rent, not yet due, is not a *chose in action,* but is a part of the realty, and passes with the reversion of the freehold to those entitled, as a mere incident. *Westmoreland v. Foster,* 60 Ala. 448, 455; *English v. Key,* 39 Ala. 113; Willard on Real Est. & Conv. 218; *Wright v. Williams,* 5 Cow. (N. Y.) 501; *Van Wicklen v. Paulson,* 14 Barb. 654.

The note in suit can not be claimed as property exempted for the use of the plaintiff, under the operation of the bankrupt law. The pleadings fail to show that he asserted his claim on the filing of his petition, and had the note set aside, and certified as exempt, in accordance with the general orders and provisions of the bankrupt act. This claim was within the exclu-

sive jurisdiction of the bankrupt court, being a matter in which all the creditors were interested, and which they had a right to controvert. Hence, the State courts can not allow it to be determined, or adjudged, by invoking their jurisdiction, in any form whatever, where the matter has never been pronounced on or settled by the court of bankruptcy. Nor, when the latter court has settled the questions relating to exemption claims, will the State courts undertake to review its action directly or collaterally.—*Steele v. Moody*, 53 Ala. 418; *Lumpkin v. Eason*, 44 Ga. 339; Bump on Bank. p. 503; *Ib.* 858, Rule XIX; *Maxwell v. McCune*, 37 Tex. 515.

We find no error in the rulings of the City Court, and the judgment is affirmed.