# Williamson *v.* Baker.

*Action on Common Counts, and Special Count for Rent.*

1. *Action for rent of wife's lands; who is proper party plaintiff.*—When the rents, income and profits of the wife's statutory estate are the mere incident of a suit for the recovery of the *corpus*, the action is properly brought in her name as sole plaintiff; but, when they are the subject of a separate suit, and accrue after marriage, the husband may recover them by action in his own name; and the fact that the lease was made by the wife *dum sola* does not affect his right of action. (Overruling *Boggs v. Price*, 64 Ala. 514.)

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JAMES E. COBB.

This action was brought originally in the names of Colon D. Baker and his wife, Gilley L. Baker, against Henry W. Williamson, and was commenced on the 29th October, 1883 ; but the name of Mrs. Baker was afterwards struck out by amendment. The original complaint contained only the common counts, and two other counts were added by amendment; the first claiming $110 " for rent of land for the year 1882, which land was the separate statutory estate of plaintiff's wife, Gilley Baker ;" and the second claiming $110, " the amount of rent which Burrell Huguly owes for the rent of land for the year 1882 belonging to the statutory estate of plaintiff's wife, Gilley Baker, and whose crop said defendant bought, assuming as part of the purchase to pay the rent due by said Burrell to plaintiff, which was $110." The general issue was the only plea. On the trial, as appears from the bill of exceptions, the plaintiff introduced his wife as a witness, who testified that she and the plaintiff were married on the 16th December, 1881 ; that at the time of the marriage she was possessed of a tract of land, which she had rented, in the early part of the year 1881, for the years 1881 and 1882, to Burrell Huguly ; that the contract was not reduced to writing ; that the rent for 1881 was to be paid in improvements on the land, and the rent of 1882 was to be $100 if paid in money, or two bales of cotton ; that she did not see Huguly, after her marriage with plaintiff, until some time in the summer of 1882, when she introduced him to her husband, " and told him that he now had a new boss ;" that in October, 1882, defendant bought said Huguly's crop, assuming the payment of the rent, and sent her a postal card stating the fact ; that soon afterwards, in the same month of October, she and

VOL. LXXVIII.

[Williamson v. Baker.]

her husband went to see the defendant and said Huguly about
the matter, and had a conversation with the defendant, in which
he agreed to purchase the crop, and to pay the stipulated rent;
that this was done in the presence of her husband, who said
nothing; and that the money, when paid, was to go to one
Pearson, to pay off a mortgage executed by her before her mar-
riage with plaintiff. This being all the evidence, the court
charged the jury, on request of the plaintiff, that they must
find for the plaintiff, if they believed the evidence. The de-
fendant excepted to this charge, and he here assigns it as error.

DOWDELL & DENSON, for appellant, cited *Boggs v. Price*, 64
Ala. 514; *Boynton v. Sawyer*, 35 Ala. 497; *Cahalan v. Monroe*,
70 Ala. 271; *Vincent v. The State*, 74 Ala. 274; *Irwin v.
Bailey*, 72 Ala. 467.

WM. H. BARNES, *contra*.

SOMERVILLE, J.—In this case, the husband recovered
the rents of the wife's statutory separate estate, he suing as
sole plaintiff in the action. It is insisted for appellant, that
the wife should have been the sole party plaintiff, and that she
alone was entitled to sue, because the land in question was
leased by her prior to her marriage, and that this fact consti-
tuted such rents a part of the *corpus* of her separate estate, al-
though they accrued or became due after marriage. The case
of *Boggs v. Price*, 64 Ala. 514, is relied on to support this
view, and seems to sustain it. We do not concur in this view,
being of opinion that the distinction sought to be made in the
case last cited is unsound.

The rule is clearly and definitely settled to be, that while
the income, rents, and profits of the wife's statutory sep-
arate estate, may be recovered in her name as sole plaintiff,
when they are a mere *incident* to the recovery of the *corpus*
of such estate; yet, when they are the subject of a separate
suit, and accrue after marriage, the husband is entitled to sue
for them in his name, because he takes them as trustee of the
wife under the statute, and is not liable to account for them to
any one.—*Pickens v. Oliver*, 29 Ala. 528; *Lee v. Tannen-
baum*, 62 Ala. 501; Code, 1876, §§ 2706, 2892.

The question is reduced to the inquiry, whether this statu-
tory right of the husband can be abrogated by the mere mak-
ing of a lease by the wife prior to marriage. If so, she may,
just on the threshold of entering into such relationship, lease
her lands for twenty years, and claim the control of the rents,
to the dispossession of the husband's claim. We perceive no
reason why the making of a lease can change or destroy the

husband's rights, where the rents become due after marriage. They do not for this reason cease to be rents, income, and profits. The only difference between a lease made before and after marriage, consists in the fact that the wife alone makes the contract in the former case, and the husband and wife jointly in the latter. A sale of the land after the lease would carry to the vendee all rents not due, but would not transfer such as were already due.—*Gayle v. Randall*, 71 Ala. 469. If they become due after marriage, we think the husband is entitled to sue for and recover them in his own name as sole party plaintiff. The Circuit Court so ruled, and the judgment must be affirmed.