# Chandler v. Jost *et al.*

*Statuatory Action in the Nature of Ejectment.*

1. *Conveyance to married woman, "for joint use of herself and of her children."*—Under a conveyance of lands to a married woman "to have and to hold to her for the joint use of herself and her children, B. and F., and such other children as shall be born to her of her present marriage," she takes only a partial interest in the property as tenant in common with her children.

2. *Lease of wife's lands by husband.*—The husband, being trustee of his wife's statutory estate, with power to manage and control it (Code, § 2706), may make a valid lease of her lands, for a term of one year or less, without her concurrence; but his lease for a longer term, without her concurrence, is void as to the excess.

3. *Recovery of partial interest by plaintiff as lessee.*—When the plaintiff in ejectment, or a statutory action in the nature of ejectment, claims under a lease for several years, which is valid for only one year; if his action is brought before the expiration of that year, but it expires before the determination of the suit, he may recover mesne profits for the unexpired portion of the term during which he has been kept out of possession.

APPEAL from Circuit Court of Montgomery.

Tried before the Hon. JNO. P. HUBBARD.

The opinion states the facts.

ARRINGTON & GRAHAM, for appellants.

TROY, TOMPKINS & LONDON, *contra*.

STONE, C. J.—The title of Mrs. Jost to the lands in controversy accrued to her during coverture with her present husband, Frederick Jost. It was conveyed directly to her by deed bearing date December 15, 1880, containing no words excluding her husband's marital rights. The title not coming from her husband to her, it follows that whatever interest she takes is her statutory separate estate.— Code of 1876, § 2705. But the deed does not convey the entire estate to her. The habendum clause, and the power therewith connected, are in the following language: "To

[Chandler v. Jost et al.]

have and to hold to her for the joint use of herself and
her children, Bella and Francis, and such other children as
shall be born to her of her present marriage; but if it
should become desirable to sell the same at any time, she
may sell and convey the same at any time during the life of
her present husband, by deed joined in by him, and invest
the proceeds in other property to be held on the same uses."
The deed contains another power of sale, not necessary to
be here considered. It is manifest that under this deed
Mrs. Jost took only a partial interest in the property, as
tenant in common with her children.—Code of 1876, §§ 2191,
2273; *Nimmo v. Stewart*, 21 Ala. 682; *Furlow v. Merrell*, 23
Ala. 705.

On February 6, 1885, Jost, the husband, without the con-
currence of his wife, executed a lease of the premises to
Chandler Brothers, for a term of five years, to commence
October 1, 1885, and to terminate October 1, 1890. The
lease recites advance payment of the rent for the entire term.
The present suit was instituted May 19, 1886, and is a stat-
uatory real action to recover possession of the premises.
The defense was rested on the want of power in the hus-
band to make the lease, and the trial court so ruled. This
is the only question the record presents.

Under the very many rulings of this court, upon what is
known as the woman's law, it must be confessed that this
question is not free from difficulty. The property is the
separate estate of the wife, and, in the absence of power
conferred by the deed, may be sold only by the husband
and wife, and conveyed by their joint conveyance.—Code of
1876, §§ 2705, 2707. Yet, such property vests in the hus-
band as trustee, who has the power to manage and control
the same. So long as the trust continues he can, without
the consent of the wife, manage and control the property,
and receive and administer its income and profits, without
liability to account therefor. Yet such income and profits
are not his property, for they are not liable to his debts.
He receives them in trust for the support and maintenance
of the family; an imperfect obligation, it is true; for the
law withholds all coercive methods for compelling its faith-
ful administration. Yet, it is so far a duty as that its viola-
tion is a sufficient cause for his removal from the trust.
These principles have been so often asserted that it would
seem unnecessary to cite the authorities in support of them.
*Lee v. Tannenbaum*, 62 Ala. 501.

What is implied in the power conferred to manage and
control? Does it authorize the granting of a lease? Some
property is only made productive by being let to rent; some

is owned and kept specially for this purpose. In such case, can the husband make a valid letting? In *Warren v. Wagner*, 75 Ala. 188, this court, speaking of authority to sell, said: "Though the right or power to lease lands is not in express words conferred, a construction of the words, *sell and convey*, which would not include it, would be exceedingly narrow and illiberal." So, in *Shakespeare v. Alba*, 76 Ala. 351, it was said: "It requires no argument to support the self-evident proposition, that a lease of land for a term of years is a sale of an interest in land, within the meaning of the statute.—[Statute of Frauds.] This appears, not only from the very nature of such a lease, which is in effect a conveyance or grant of the possession and use of the leased premises for a fixed period, thereby vesting a title and estate in the lessee; but is clearly manifest from the very words of the statute, by which leases of a certain class are expressly exempted from the operation of its provisions."

We would not be understood as deciding that the husband, without the concurrence of the wife, can make no valid letting of the wife's lands, held as statutory separate estate. Letting lands or tenements for a year is not required to be in writing, and is frequently done through agents, having no written authority therefor. We think the husband is clothed with this power and authority over the wife's statutory separate estate, so long as he remains her trustee. His right to receive and administer the rent will depend on his continuing to be trustee until the rent matures.— *Williamson v. Biker*, 78 Ala. 590. When, however, the lease is for a longer term than one year, it becomes a species of sale required to be in writing, and the wife must unite in the lease to make it valid.

Notwithstanding the lease in this case was invalid for the term expressed, it was nevertheless binding and effective for one year - namely, from October, 1885, to October, 1886. It was valid, however, only to the extent of Mrs. Jost's undivided interest. To the extent of that interest plaintiffs were entitled to recover when the suit was brought, for the first year of the lease had not then expired. It has since expired, and there can now be no recovery of the premises. The extent of plaintiffs' rights is the recovery of *mesne* profits for the term they were wrongfully excluded from the possession of Mrs. Jost's undivided interest. The charge of the court precluded all recovery, and is not consistent with our ruling.

Reversed and remanded.