WALTON & STOCKTON v. CORPUS CHRISTI NAT. BANK. (No. 5648.)

(Court of Civil Appeals of Texas. San Antonio. April 12, 1916. Rehearing Denied May 10, 1916.)

1. GARNISHMENT ⬳92—INSTITUTION OF SUIT.

Where an affidavit for a distress warrant against defendant was made July 2, 1914, and a statutory bond was executed on the same day, the suit was thereby commenced, so that an application for a writ of garnishment filed the following day would not be quashed on the ground that no suit had been instituted when it was applied for.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 170–173; Dec. Dig. ⬳92.]

2. GARNISHMENT ⬳87—AFFIDAVIT FOR WRIT —"AGENT."

In an action by a partnership, an application for a writ of garnishment signed by the partnership and by the members thereof by a manager was duly signed by an "agent" for the partnership.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 156–159, 163–166; Dec. Dig. ⬳87.

For other definitions, see Words and Phrases, First and Second Series, Agent.]

3. APPEAL AND ERROR ⬳71(2)—FINAL JUDGMENT.

In a suit for supplies furnished, with a distress warrant against defendant, a garnishment proceeding against a third person was a separate and distinct suit from the original suit, and the court's action in quashing the garnishment proceeding was a final judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 389–392; Dec. Dig. ⬳71(2).]

Appeal from Nueces County Court; Walter F. Timon, Judge.

Action by Walton & Stockton against G. C. Orand, with writ of garnishment against the Corpus Christi National Bank, and intervention by defendant in the garnishment suit. Motion to quash garnishment proceedings sustained, and plaintiffs appeal. Reversed, and cause remanded.

G. R. Scott, Boone & Pope, C. Lawrence, and Gowan Jones, all of Corpus Christi, for appellants. Kleberg, Stayton & Picton, of Corpus Christi, for appellee.

FLY, C. J. Appellants sued G. C. Orand for supplies furnished, and applied for and obtained a distress warrant, and afterwards applied for a writ of garnishment directed against the Corpus Christi National Bank. The garnishee, on July 20, 1914, answered, admitting that it was indebted to G. C. Orand in the sum of $109.75. Afterwards, on November 16, 1914, G. C. Orand, defendant in the original suit, intervened in the garnishment suit, which, of course, was separately docketed from the suit for debt, and moved to quash the garnishment proceedings for certain reasons therein stated. The motion to quash was sustained, and this appeal is prosecuted from that order.

On July 2, 1914, an affidavit for a distress warrant was filed by Nola White, agent and manager for W. W. Walton and H. M. Stockton, and on the same day a statutory bond was executed. On July 3, 1914, an application for a writ of garnishment was filed. The application was signed Walton & Stockton, and W. W. Walton and H. M. Stockton, by Nola White, manager, and was followed by the words:

"Sworn to and subscribed before me this 3d day of July, A. D. 1914. [Seal.] Jos. A. Cohn, Notary Public, Nueces County, Texas."

[1] The affidavit for garnishment was quashed on motion of defendant in the principal suit, on the grounds that no suit had been instituted when the writ of garnishment was applied for, and that the affidavit was not sworn to by any agent or attorney of appellants. The petition of appellants was filed on July 27, 1914, twenty-four days after the application for a writ of garnishment, and on this ground the defendant in the original suit based his contention that the suit was not instituted until that time. As said by the Supreme Court in Bateman v. Maddox, 86 Tex. 546, 26 S. W. 51:

"The suit was commenced by the issuing of the distress warrant, the citation, and their return into court. The filing of the petition was simply the declaration of the cause of action in detail, so as to inform the defendants of the grounds of plaintiff's claim."

The proposition is too plain and simple for argument.

[2] The affidavit was signed by Nola White, manager, for appellants, and he, no doubt, swore to it as certified by the notary public. If a manager is not an agent for the partnership, we fail to see how an agency could be established. There is no merit in the motion to quash.

[3] The garnishment proceeding was a separate and distinct suit from the original suit, and the action of the court in quashing the garnishment proceedings was a final judgment. If not, there could be no final judgment in a garnishment suit.

The judgment is reversed, and the cause remanded.