JACKSON v. WALLS. (No. 991.)

(Court of Civil Appeals of Texas. Amarillo. May 10, 1916. Rehearing Denied June 28, 1916.)

1. JUDGMENT ⬉256(2)—CONFORMITY TO SPECIAL VERDICT.

Judgment must conform to the jury's findings on special issues, though the court can afterwards set it aside, as contrary to the evidence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 447; Dec. Dig. ⬉256(2).]

2. HUSBAND AND WIFE ⬉235(2)—SEPARATE PROPERTY — AGENCY OF HUSBAND — EVIDENCE.

Evidence *held* sufficient to go to the jury on the question of a husband being his wife's agent to rent her separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 589, 850, 982; Dec. Dig. ⬉235(2).]

3. VENDOR AND PURCHASER ⬉232(9)—BONA FIDE PURCHASER—NOTICE OF LEASE.

Possession of a tenant, though under a lease for the year, is notice to a purchaser, putting him on inquiry as to his having an oral lease for the next year.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 556–558; Dec. Dig. ⬉232(9).]

On Rehearing.

4. PRINCIPAL AND AGENT ⬉23(3)—PROOF OF AGENCY—COURSE OF DEALING.

Agency may be proved by acquiescence of the principal in other similar acts of the agent, so connected with that in question as to constitute a course of dealing.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. ⬉23(3).]

5. PRINCIPAL AND AGENT ⬉23(2)—AGENCY—CIRCUMSTANTIAL EVIDENCE.

The fact or extent of agency may be established by circumstantial evidence.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. ⬉23(2).]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by James D. Jackson against J. S. Walls. Judgment for defendant, and plaintiff appeals. Affirmed.

Senter & Synnott, of Dallas, for appellant. George, Hancock & Hardwicke, of Dallas, for appellee.

HENDRICKS, J. Mrs. Augusta Hamm, wife of Frank Hamm, owned a farm in Dallas county, and by written lease executed by her husband, Frank Hamm, rented the same to J. S. Walls, for the year 1912, to be cultivated on shares by said tenant. Walls also occupied the place for the year 1913, without any further written lease, but evidently upon the same terms and stipulations in the previous written lease executed by Frank Hamm, as agent for his wife. In December, 1913, Mrs. Hamm conveyed the property to the appellant, Jackson, her husband negotiating the sale and representing to Jackson that the farm was not rented for the year 1914, and that Jackson could have possession of same on January 1, 1914. After

Jackson purchased the land, through his agent, he demanded possession of Walls, the tenant, the latter refusing to yield his possession of the property, claiming that he had it rented for the year 1914. This suit was brought in formal trespass to try title, and upon a sequestration affidavit and bond, Walls was dispossessed under a writ of sequestration about February 5, 1914. He did not replevy, and the verdict of the jury and the judgment of the court in his favor for damages, both actual and exemplary, constitute the basis of litigation in this appeal.

Walls alleged that in the fall of 1913 he was in possession of the premises under lease from Hamm, and in October of that year entered into another contract with him as the agent of. Mrs. Augusta Hamm, by the terms of which he was to cultivate and remain in possession of the land for the year 1914, and to plant 30 acres of cotton and 20 acres of corn, for one-fourth of the cotton and one-third of the corn, as rent, and was to have half the fruit in the orchard on the premises for that year; that plaintiff, Jackson, bought the land from Hamm, knowing of his (Walls') possession and rights for the succeeding year. The answers of the jury found the following facts, quoting from appellant's brief:

"That Walls did have a contract to occupy the land for 1914; that plaintiff, when he sued out the writ, knew of this contract; that Walls was to pay one-fourth of the cotton and one-third of the corn as rent; that if Walls had occupied the place for 1914, he would have made $750 worth of cotton and corn, net; that he and his son did make for said year $370; that when plaintiff sued out the writ of sequestration, he knew, or should have known, that Walls was entitled to possession; that defendant was entitled to $175 as exemplary damages."

A motion was made by the plaintiff for judgment, which was overruled. The trial court, however, required Walls to remit $225 of the actual damages, and thereupon rendered judgment for the plaintiff for the land, and for the defendant on his cross-action for $125 actual damages, and $175 exemplary damages.

[1] There are several assignments of error, reproduced from the motion for a new trial, which challenge the trial court's action on account of overruling different paragraphs of its amended motion for judgment on the special issues, and in not rendering judgment for the plaintiff and against defendant's cross-action. Without specifically identifying and enumerating the particular assignments, we overrule the same. It is true, of course, that before the submission of a cause to the jury on special issues, a trial court may, if the evidence is deemed insufficient to sustain a cause of action, or defense, peremptorily instruct a jury, but it has long been the settled rule in this state that when issues of fact, or supposed facts, have been submitted to the jury, and the latter have found there-

upon, the trial court is required to conform his judgment to the jury's findings. The court then has the right to set aside the judgment because it is contrary to the evidence, or for the want of evidence to support it, but it has no authority, under our procedure, to disregard the verdict of the jury and enter a judgment contrary thereto. Armstrong v. Hix, 175 S. W. 430, the last case by the Supreme Court on this subject; McLemore v. Bickerstaff, 179 S. W. 537, wherein the authorities on this subject are cited. Hence, when the appellant bases his assignments upon a motion, or upon paragraphs in his motion, on the theory that the trial court erred in failing to render judgment in his favor, after the verdict has been found, the assignments are inappropriate to raise the question, however correct in the abstract the propositions may be. The trial court could not have done otherwise under the decisions cited than to have rendered the judgment that he did upon the verdict.

[2] It is assigned that the verdict and the judgment are contrary to the evidence and against the great preponderance thereof, and without any sufficient evidence to support them, for the reason that there is no proof that Frank Hamm, the husband, was the agent of Mrs. Augusta Hamm, the owner of the property, and that the affirmative evidence shows that he was not such agent, and without authority from her to make the contract to the tenant, Walls, for the year 1914. In the case of Dority v. Dority, 96 Tex. 215, 71 S. W. 953, 60 L. R. A. 941, it was decided by the Supreme Court that "the sole management" of the wife's property during marriage, given to the husband by article 2967, does not authorize him to lease her real estate for a term longer than one year, without her signature to the lease. It was not decided "whether or not a lease for a year or less by the husband of his wife's land would be valid." The case of Chandler v. Jost, 81 Ala. 411, 2 South. 82, was cited by Justice Williams, wherein it was held that such leases for a year were valid, under a statute with reference to the husband's control, similar to ours, while those for a longer term were void. The question is not necessary to decide, for the reason that article 2967 (now 4621) was amended by the Legislature of 1911, by providing that during marriage the wife shall have the sole management and control of her separate property, both real and personal.

As to the question of authority, by Frank Hamm, as the agent of his wife, the facts are that Walls, the tenant, rented the land for the year 1912 by written contract, made by him as agent for his wife, and that at the expiration of that year, Walls remained upon the land for the year 1913, and paid Frank Hamm the rent for that year. It is shown that all of the transactions in reference to the leasing of the land were with the husband. Walls testified that in September, 1913, Hamm told him he wanted to stay on the place for the year 1914, and again repeated his request in October, and in this last conversation Walls agreed to take the place for the year 1914. One Miller, a banker at Irving, Dallas county, testified that in October, 1913, Frank Hamm was in the bank, and that he (Miller) stated to Hamm that he understood "you have sold your place." Miller said that he asked Hamm if Walls would have to move, and that Hamm replied that he would not. He said the previous rent paid by Walls for the land was deposited in his bank to the credit of Hamm, and checked out by him without the signature of his wife to the checks. After the introduction of Miller by the defendant, at a stage of the proceeding before defendant closed his case, he placed Hamm upon the stand as his own witness, who testified:

"I am the husband of Augusta Hamm. I heard the testimony of the witness Miller in reference to my taking the money of my wife out of the bank. As her husband, I represented her in the business transactions with reference to this farm in question."

Thereafter Hamm, on resuming the stand, having been recalled to testify, said that he acted as agent for Mrs. Hamm as to the farm whenever she asked him to do so, and testified that she never asked nor authorized him to lease the property for the year 1914, and had no authority from her to lease it for that year. He, however, further said:

"I have been married to her during all these transactions and have looked after the farm for her as her husband, and collected the rent. She never objected to that, and has never objected to me managing the farm."

If Walls' testimony is to be believed, which the jury resolved against Hamm, that the latter actually made the contract with him for the year 1914, we think the testimony raised the issue to the jury as to Hamm's authority to make an oral lease for that year.

[3] It is also assigned as error that the plaintiff Jackson, when he bought the land, had no notice of the alleged agreement for lease, or the right of Walls to the land for the year 1914, nor was he charged with any notice upon the doctrine of inquiry. Of course we recognize the authorities cited by appellant that, where the possession of one is inconsistent with the record as to a right in the land, such possession will not afford notice on the theory of inquiry. In this case Walls testified that he made the renewal contract with Hamm, in October. The trade by Hamm, as agent of Mrs. Hamm, for the sale of the land, was made with Jackson about the 1st of December. Walls said after he made the trade he began the fertilization and cultivation of the land as preparation for the crop of 1914. Before the final deeds passed, transferring the title, Jackson did have actual notice of Walls' claim as a tenant of the property for 1914. The argument is that Walls was not in possession by vir-

tue of the alleged 1914 contract, but was in possession under a 1913 agreement; that Jackson asked Hamm, and Hamm told him that Walls had a 1913 agreement only; that this answer was consistent with Walls' possession for 1913; and that the inquiry at this point properly ended. We do not think the authorities are applicable nor the reasoning sound as applied to the condition in this record, if we are correct that the jury had the right, upon the facts, to find that the agreement between Hamm and Walls had been made previous to Hamm's negotiations with Jackson for the sale of the land. We know that some tenants and landlords make their renewal contracts for succeeding years, as this one was made, as to time and conditions. An oral contract of tenancy for one year is just as valid as a written contract. Jackson was necessarily charged with Walls' possession of the land; the point, however, was made that such possession does not charge him with notice of Walls' right for the succeeding year. If we concede, argumentatively, that the knowledge acquired by Jackson, or his agent, of Walls' interest in the land for 1914, after the contract was made for the land, but before the conveyance by Hamm, would not charge Jackson with liability, we think, however, simply stated, that Jackson was charged by the possession of Walls with notice of the interest of Walls as a tenant, whether for the year 1913 or for the year 1914, before he made such contract with Hamm.

These are the only two assignments which properly raise the questions subject to discussion. All other assignments coming within the purview of our preliminary ruling, all assignments are overruled, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

[4, 5] Agency may be proven where the principal has acquiesced in, recognized, or adopted similar acts done on other occasions by the alleged agent, and so closely connected as to constitute a course of dealing. Mechem on Agency, vol. 1 (2d Ed.) § 263. Circumstantial evidence is competent to establish the fact or extent of an agency as any other fact. Sargent v. Barnes, 159 S. W. 366. The lease of Mrs. Jackson's land by her husband, to Walls, for the year 1912, was under an express contract; the lease for 1913 is based upon implied contract, on account of the tenant, Walls, holding over. Bateman & Bro. v. Maddox, 86 Tex. 554, 26 S. W. 51. All the previous rent money was paid by Walls for the land to the husband, and that which was deposited in the bank was to the credit of the husband, and checked out by him. The husband testified that in regard to all the transactions connected with the farm, the wife had never objected, nor to his management of said farm. We think

the record sustains the contract of tenancy made by the husband for the year 1914.

The issue raised in the second ground of appellant's motion for rehearing was not raised upon the trial of this cause, nor upon the original submission of this case in this court.

The motion for rehearing is overruled.