**In re Anthony E. GILL.**

No. 06–06–00009–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 19, 2006.

Decided Jan. 20, 2006.

Anthony E. Gill, Angleton, pro se.

Before MORRISS, C.J., ROSS and
CARTER, JJ.

OPINION

Opinion by Chief Justice MORRISS.

By his petition for writ of mandamus, Anthony E. Gill asks this Court to order the 23rd Judicial District Court in Brazoria County to hear and rule on his application for writ of garnishment. The initial, and dispositive, question is whether we have jurisdiction over Gill's petition. Because we have no jurisdiction, we deny Gill's petition.

Brazoria County is not in our appellate district, and we ordinarily do not have jurisdiction over a mandamus petition from that county. Gill, however, had a case pending in which the appeal was transferred to this Court by the Texas Supreme Court. In that appeal, we reversed the judgment of the trial court and remanded the case to that court for further proceedings. *See Gill v. Boyd Distribution Ctr.*, 64 S.W.3d 601 (Tex.App.-Texarkana 2001, pet. denied).

■ In the period between our disposition of that appeal and Gill's filing of the current mandamus petition, Gill filed with us five mandamus petitions. In each of those five proceedings, we accepted jurisdiction because Gill sought to enforce our judgment and mandate from the transferred appeal, alleging the trial court had failed to proceed as we had ordered. And, in each of those instances, the trial court action Gill attempted to obtain through his mandamus petition was within the original lawsuit, the appeal of which had been transferred to us.

But now, Gill holds a default judgment in that underlying case, signed by the trial court and filed March 14, 2005. He now pursues garnishment to collect that judgment. That is a separate action, over which we have no jurisdiction.

A garnishment action is separate from the original action. *In re Tex. Am. Express, Inc.*, No. 05–05–01417–CV, 2005 WL 3304116, —— S.W.3d ——, 2005 Tex. App. LEXIS 10140 (Tex.App.-Dallas Dec.7, 2005, orig. proceeding); *Varner v. Koons,* 888 S.W.2d 511, 513 (Tex.App.-El Paso 1994, orig. proceeding) (post-judgment writ of garnishment); *Roberts v. Stoneham,* 31 S.W.2d 856, 857 (Tex.Civ. App.-Austin 1930, no writ); *see also Walton & Stockton v. Corpus Christi Nat'l Bank,* 185 S.W. 369 (Tex.Civ.App.-San Antonio 1916, no writ).

The relief sought in this instance extends beyond the enforcement of our mandate to the trial court. Accordingly, because the 23rd Judicial District Court in Brazoria County lies outside the jurisdictional boundaries of our district, we may not accept jurisdiction over this petition for writ of mandamus.[1]

We deny Gill's petition for writ of mandamus.

---

1. Tex. Gov't Code Ann. § 22.201(g) (Vernon Supp.2005), § 22.221 (Vernon 2004).