6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00009-CV
______________________________



IN RE:
ANTHONY E. GILL





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss



O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â By his petition for writ of mandamus, Anthony E. Gill asks this Court to order the 23rd
Judicial District Court in Brazoria County to hear and rule on his application for writ of garnishment. 
The initial, and dispositive, question is whether we have jurisdiction over Gill's petition. Because
we have no jurisdiction, we deny Gill's petition.
Â Â Â Â Â Â Â Â Â Â Â Â Brazoria County is not in our appellate district, and we ordinarily do not have jurisdiction
over a mandamus petition from that county. Gill, however, had a case pending in which the appeal
was transferred to this Court by the Texas Supreme Court. In that appeal, we reversed the judgment
of the trial court and remanded the case to that court for further proceedings. See Gill v. Boyd
Distribution Ctr., 64 S.W.3d 601 (Tex. App.âTexarkana 2001, pet. denied).
Â Â Â Â Â Â Â Â Â Â Â Â In the period between our disposition of that appeal and Gill's filing of the current mandamus
petition, Gill filed with us five mandamus petitions. In each of those five proceedings, we accepted
jurisdiction because Gill sought to enforce our judgment and mandate from the transferred appeal,
alleging the trial court had failed to proceed as we had ordered. And, in each of those instances, the
trial court action Gill attempted to obtain through his mandamus petition was within the original
lawsuit, the appeal of which had been transferred to us.
Â Â Â Â Â Â Â Â Â Â Â Â But now, Gill holds a default judgment in that underlying case, signed by the trial court and
filed March 14, 2005. He now pursues garnishment to collect that judgment. That is a separate
action, over which we have no jurisdiction.
Â Â Â Â Â Â Â Â Â Â Â Â A garnishment action is separate from the original action. In re Tex. Am. Express, Inc., No.
05-05-01417-CV, 2005 Tex. App. LEXIS 10140 (Tex. App.âDallas Dec. 7, 2005, orig.
proceeding); Varner v. Koons, 888 S.W.2d 511, 513 (Tex. App.âEl Paso 1994, orig. proceeding)
(post-judgment writ of garnishment); Roberts v. Stoneham, 31 S.W.2d 856, 857 (Tex. Civ.
App.âAustin 1930, no writ); see also Walton & Stockton v. Corpus Christi Nat'l Bank, 185 S.W.
369 (Tex. Civ. App.âSan Antonio 1916, no writ).
Â Â Â Â Â Â Â Â Â Â Â Â The relief sought in this instance extends beyond the enforcement of our mandate to the trial
court. Accordingly, because the 23rd Judicial District Court in Brazoria County lies outside the
jurisdictional boundaries of our district, we may not accept jurisdiction over this petition for writ of
mandamus.



Â Â Â Â Â Â Â Â Â Â Â Â We deny Gill's petition for writ of mandamus.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â January 19, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 20, 2006



Light Shading Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00110-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DAVID HEATH FOUSE,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 8th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hopkins County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 0820358

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  David
Heath Fouse has filed an appeal from six convictions.Â  Three are for the first degree felony of
aggravated sexual assault on a child (under fourteenÂB.P.), and three are for
the second degree felony of sexual assault on a child (under seventeenÂR.R. and
C.J.).Â  A single brief has been filed to
address all six appeals.Â  Fouse testified
at trial.Â  He admitted that he was
convicted in 1999 of the felony offense of assault on a peace officer and the
state jail felony offense of burglary of a building, and admitted having sexual
intercourse with B.P. and C.J.Â Â  

Â Â Â Â Â Â Â Â Â Â Â  This
appeal is from his conviction for sexual assault on a child, on C.J.Â  There are no issues raised or argument made
concerning this conviction.Â  When a point
of error is inadequately briefed, we will not address it.Â  Vuong v. State, 830 S.W.2d 929 (Tex. Crim. App. 1992).Â  This situation goes one step beyond simple
inadequate briefing.Â  Points are not
merely inadequately briefed, they are not raised at all.Â  This Court is not the appellantÂs
advocate.Â  Although we have an interest
in a just adjudication, we also have an interest in remaining impartial.Â  Ex parte Lowery, 840 S.W.2d 550, 552 n.1 (Tex. App.ÂDallas 1992), revÂd on other grounds, 867 S.W.2d 41 (Tex.
1993).Â  Thus, we will not brief a
defendantÂs case for him or her.Â 
Heiselbetz v. State, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); see
Busby v. State, 253
S.W.3d 661, 673 (Tex. Crim. App. 2008);
see Lawton v. State, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), overruled
on other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998).


Â Â Â Â Â Â Â Â Â Â Â  Further,
the Texas Court of Criminal Appeals has explicitly held that an appellate court
cannot reverse a case on a theory not presented to the trial court or raised on
appeal.Â  Gerron v. State, 97 S.W.3d 597 (Tex. Crim. App.
2003); Hailey v. State, 87 S.W.3d 118 (Tex. Crim. App. 2002).Â  With no arguments or theories to support a
request for reversal being made in connection with this conviction on appeal,
there is nothing before this Court which we may review. 

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  April
28, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  April
29, 2010

Â 

Do Not Publish

Â