FLORSHEIM BROS. DRY GOODS COMPANY, LIMITED,
v. B. S. WETTERMARK.

No. 703.

1. **Insolvent Corporation—Conveyance by—Preference of Creditors.**—An insolvent corporation has no power to make a preference conveyance of its entire property to one of its creditors.

2. **Same—Priority of Attachment Lien in Such Case.**—The rule that denies the right of an insolvent corporation by contract to prefer its creditors, does not interfere with the right of a diligent creditor to pursue the remedies provided by law, and where such creditor levies an attachment before a receiver is appointed, or the managers or creditors of the corporation have made any attempt to wind up its affairs, he thereby acquires a prior lien.

APPEAL from Shelby.    Tried below before Hon. JAMES T. POLLEY.

*Davis & Garrison,* for appellant.—An insolvent corporation can not sell all of its available assets to one creditor, as the assets of an insolvent corporation is a trust fund for the benefit of all creditors. Taylor on Priv. Corp., secs. 655–658, 812, 813; 27 S. W. Rep., 100; 24 S. W. Rep., 16; 105 U. S., 143; 91 U. S., 56.

*E. C. Branch,* for appellee.—A creditor complaining that a debtor had disposed of his property to other creditors (the debtor being a corporation and insolvent), in fraud of or to the prejudice of other creditors, should appeal to the equity powers of the court, and ask for a receiver of the property and an equal distribution. 74 Texas, 226.

GARRETT, CHIEF JUSTICE.—This was a trial of the right of property, in which B. S. Wettermark claimed a quantity of lumber seized as the property of the Shelby County Lumber Company, upon a writ of attachment in favor of the Florsheim Bros. Dry Goods Company against the said lumber company. Upon issues tendered by the plaintiff it was shown, that on the 29th of August, 1891, plaintiff caused a writ of attachment for debt to issue against the said lumber company, which, on September 1, 1891, was levied upon the property in controversy; that afterwards, on November 11, 1891, it recovered judgment against said lumber company for $1067.12, with foreclosure of its attachment lien; and that the property levied upon was the property of the Shelby County Lumber Company at the time of the levy, and was subject to plaintiff's writ, if the claimant did not acquire title to the same by a sale thereof to him by said lumber company on August 31, 1891, and if, for the same reasons that it would invalidate the sale, plaintiff's writ was not valid.    The Shelby County Lumber Company was a corporation duly incorporated for the purpose of manufacturing rough and dressed lumber.    On August 31, 1891, it was insolvent and had suspended business, and being largely indebted to B. S. Wettermark and others, it sold to the said Wettermark its entire

stock of lumber, estimated at 1,500,000 feet, for the sum of $6500, to be credited on its indebtedness to Wettermark. The lumber in controversy was valued at $717.12, and was a part of said stock of lumber. By its sale to Wettermark, the lumber company practically incapacitated itself for carrying on its business, as it was indebted, insolvent, and without means to resume its business, and in fact did not resume. Wettermark at the time of his purchase knew that the company was heavily involved and could not pay its debts; and its conveyance to him was an attempt to prefer him as a creditor.

Being insolvent, and by the act of sale to Wettermark having incapacitated itself from conducting its business, the Shelby County Lumber Company was without power to make the sale upon which the claimant relies. Hardware Co. v. Manufacturing Co., 86 Texas, 143. The invalidity of the deeds of trust in the case just cited was put upon the ground of want of power in the insolvent corporation to make them; that they were void from the beginning. Such being the case, the attempted conveyance by the lumber company to Wettermark was inoperative and void, and the title to the lumber remained as though the conveyance had never been made. The question then arises, is the plaintiff, as an attaching creditor, in any better attitude than Wettermark? Article 606, Revised Statutes, makes the managers of a corporation upon its dissolution, unless a receiver has been appointed, trustees for the creditors and stockholders, with power to settle the affairs of the corporation and divide the property after paying the debts. It was held in Hardware Co. vs. Manufacturing Co., supra, that, so far as creditors are concerned, the facts shown would be given the full effect the technical dissolution defined by Revised Statutes, article 604, would have. Page 155. But here no application to a court for the appointment of a receiver has been made. Nor have the managers of the corporation, by application to a court or otherwise, made any attempt to wind up the affairs of the corporation. No creditor has invoked any action looking to a ratable distribution of the assets. In such case the law should favor the diligent creditor, and timely action on his part should give him the same rights as in other cases. Morawetz states the law to be, that a creditor of an insolvent corporation is entitled to pursue the ordinary legal and equitable remedies for the enforcement of his claims, unless he is restrained from doing so at the suit of the corporation, or of creditors. Law of Priv. Corp., sec. 863.

We find that courts in States where a preferential sale in such case is held void, still recognize the rights of the diligent creditor to subject the property of the corporation to the payment of his claims by legal process, although there are courts, as said by the Supreme Court of Missouri, which hold, that "after a corporation has become insolvent and ceased to be a going concern, then the assets must be distributed pro rata among all, and that no creditor can acquire a prior lien over those by reason of the seizure of the corporate property

under attachment or execution in his favor." Butter Tub Co. v. Bank, 26 S. W. Rep., 710. In Harrigan v. Quay, 27 Southwestern Reporter, 897, the Court of Civil Appeals for the Third District held, that the rule that denies the right of an insolvent corporation by contract to prefer a creditor does not interfere with the right of the diligent creditor to pursue the remedies provided by law for the collection of his debt, and subject the property of such corporation to its payment. We do not think a contrary rule is expressed in Lang v. Dougherty, 74 Texas, 226. In that case, the managers of the cattle company were attempting to make a settlement of the affairs of the corporation, and the decision was made to turn upon the question as to whether or not they had conveyed in the particular instance more property than was sufficient to pay the debt. Without citing further authority, we hold with what we think the better rule, that the plaintiff here by his attachment acquired a lien upon property claimed by Wettermark.

Other errors relied on by appellant become immaterial. Our conclusion is, that the judgment of the court below must be reversed, and judgment here rendered against the plaintiff and the sureties on his claim bond as provided by the statute.

*Reversed and rendered.*

Delivered March 28, 1895.