J. O. WRIGHT ET AL. v. E. A. EULESS ET AL.

No. 2058.

**1.  Insolvent Corporation—Property Not Liable to Attachment.**

Where a trading corporation becomes insolvent, ceases to do business, and by a unanimous vote of its stockholders places its entire assets in the hands of its president and directors as trustees, to be distributed ratably among its creditors, the property is not liable to attachment by a creditor of the corporation.

**2.  Same—"Dissolution" of Corporation—Construction of Statute.**

Under the statute (art. 606, Revised Statutes) providing that upon the dissolution of a corporation its property shall be in the hands of its officers a trust fund for the payment of its debts, the insolvency of a corporation, and its abandonment of the corporate enterprise, is equivalent to a technical dissolution.

**3.  Same—Creditor Estopped, When.**

Where a corporation becomes insolvent and places its entire property in the hands of its officers as trustees, for distribution among its creditors, this is equivalent to a general assignment, and the creditor who has accepted his pro rata part so far as distribution has been made by the trustee, is estopped to deny the validity of such corporate action.

APPEAL from Tarrant.  Tried below before Hon. W. D. HARRIS.

*John W. Wray,* for appellant.—1.  The assets of the insolvent corporation, after it became insolvent and had ceased to transact the business for which it was incorporated, and its trustees were liquidating it by the distribution of its property among its creditors, became a trust fund, and as such, a creditor of said corporation could not effect a valid lien by attachment on said assets, that would in any respect impair or defeat the rights of its other creditors to an equal distribution of said assets. Lyons v. Perry, 24 S. W. Rep., 17;  Smith v. Insurance Co., 3 Tenn. Ch., 502;  Marr v. Bank, 4 Cald., 471; Sutton Mfg. Co. v. Hutchison, 63 Texas, 501;  Lang v. Dougherty, 74 Texas, 231.

2.  The shareholders of the corporation had an unquestioned right by unanimous consent to effect the dissolution of the corporation by the surrender of the corporate franchises.  Taylor, Corp. (3 ed.), 610;  Cook, Corp. (3 ed.), 629;  71 Ala., 581.

3.  When the corporation became insolvent and ceased to be a going concern, it had the effect of a technical dissolution, so far as the creditors were concerned, and fixed upon the corporate property a trust character and its directors and managers became trustees clothed with the equitable distribution of the property for the equal benefit of its creditors.

*Hogsett & Orrick* and *F. M. Brantly,* for appellees.—1.  A creditor of an insolvent corporation, which has ceased to do business, can by attach-

ment acquire a lien on the assets of such corporation, which will be
superior to the claim of other creditors for an equal distribution. Flor-
sheim v. Wettermark, 30 S. W. Rep., 505; Harrigan v. Quay, 27 S. W.
Rep., 897; Lyons-Thomas Hardware Co. vs. Perry Stove Mfg. Co., 86
Texas, 143; Varnum v. Hart, 119 N. Y., 101; s. c. 23, N. E. Rep., 183;
La Grange Butter Tub Co. v. Bank of Commerce, 26 S. W. Rep., 710.

2. A creditor of an insolvent corporation is entitled to pursue the
ordinary legal and equitable remedies for the enforcement of his claims,
unless he is restrained from doing so at the suit of the corporation or of
the creditors. 2 Morawetz, Corp., sec. 864; Re Waterbury, 8 Paige Ch.
(N. Y.), 380; Mickles v. Rochester City Bank, 11 Paige Ch. (N. Y.), 118;
Kincaid v. Dwinelle, 59 N. Y., 552; Dickson v. Mayer, 26 Abbott's New
Cases (N. Y.), 257; s. c., 35 N. Y., 482; Minchin v. Patterson Nat. Bank,
36 N. J. Eq., 442.

STEPHENS, ASSOCIATE JUSTICE.—The J. O. Wright Tobacco Com-
pany was chartered under general law to do a wholesale tobacco business
in Fort Worth. After a brief business career, it became insolvent, and,
by the unanimous action of its shareholders, abandoned the undertaking
and placed its entire assets (personalty only) in the hands of the president
and other directors as trustees, for distribution ratably among its several
creditors.

After it had thus ceased to do business, and after a partial distribution
had been made by these trustees among the creditors, including Lichten-
stein Bros. & Co., the latter company, a foreign corporation, caused the
rest of the goods to be seized by the sheriff under its attachment for the
balance of its debt against the tobacco company, indemnifying the officer
for making the levy. This suit was brought by the trustees for the
benefit of the creditors against the sheriff and the surety indemnitors for
the value of the goods so seized.

To their petition stating in detail the case above outlined, the court
sustained a general demurrer, and to that action error is assigned.

It is no longer an open question in this State that the assets of a
private trading corporation which has failed in business by reason of
insolvency become a trust fund for the benefit of all its creditors alike.
Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Texas, 143.
The decision construes our corporation statutes, and holds that,
as to creditors, the consequences of insolvency and abandonment
of the enterprise on the part of the corporation are the same
as in case of technical dissolution. It seems that the de-
cision rests rather upon this ground than upon the weight of
authority, for but few cases elsewhere appear to have carried this trust
fund doctrine of modern growth quite so far as this case has done. See
note in 22 Law Rep. Ann., 802.

The statute so construed converts the president and directors or man-
agers, upon dissolution, into trustees for the creditors, and empowers
them to maintain and defend judicial proceedings. Rev. Stat., art. 605.

In view of this construction, therefore, when the stockholders of the corporation in question found that it was hopelessly insolvent, as alleged, and could no further prosecute its business in good faith, it became their duty to the creditors, we think, to at once discontinue the business and place the assets in the hands of trustees for equitable distribution among all of them. This they did, and thereby divested themselves, and consequently the corporation, of all interest in the property.

The distinction in theory between a corporation and its shareholders is without force in such case. The one is equivalent to the other. The stockholders all participated in the meeting at which with unanimity the entire assets were thus turned over to trustees for the creditors. The transaction had all the essential features of a general assignment, and lacked only a formal conveyance. As the property was all personalty, a deed under seal was not required.

The attaching creditor, prior to suing out the attachment, accepted its pro rata part, so far as distribution had been made by these trustees to whom the assets had thus been assigned. The effect of taking under an assignment was thus stated in one of Judge Stayton's opinions, to support which numerous cases were cited: "It is very generally, if not uniformly, held that one who takes dividends under even an invalid assignment is precluded from controverting its validity in its entirety." Roberson v. Tonn, 76 Texas, 542.

We are of opinion, therefore, that as the corporation no longer had any interest in or possession of the property when it was levied on, the seizure was not authorized by our statute directing how and when levies may be made, and that the trustees were entitled to recover the full value of the property so converted.

The cases cited by appellees from the Court of Civil Appeals of the First and Third Districts, Florsheim Bros. Dry Goods Co. v. Wettermark, 30 S. W. Rep., 505, and Harrigan v. Quay, 27 S. W. Rep., 897, did not have all the features of this case, and we doubt if those cases can be reconciled with the opinion of the Supreme Court in Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., supra. They proceed upon the maxim that both law and equity favor the diligent creditor. The wisdom of the maxim is not doubted, but it hardly seems equitable to reward diligence when it is employed by the hand of a greedy creditor to lay hold of and appropriate to his exclusive benefit a trust fund to the greater part of which other creditors are equitably entitled.

But, however that may be, our conclusion is that the petition in this case stated a cause of action, and that for the error in sustaining a general demurrer thereto the judgment should be reversed and the cause remanded for trial on the facts.

*Reversed and remanded.*

Delivered January 4, 1896.

ON MOTION FOR REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—In the opinion heretofore filed we expressed doubt as to whether the decisions of the Courts of Civil Appeals for the First and Third Districts in the cases there cited could be reconciled with the opinion of our Supreme Court in the case of Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co. Since then the decision of the Court of Civil Appeals for the Fifth District, in the case of Rogers v. East Line Lumber Co., 33 S. W. Rep., 312, which is directly in point, has been published. The opinion of Justice Rainey in this case, which holds that the assets of an insolvent corporation which has failed in business are not subject to levy at the instance of one creditor to the exclusion of others, we understand to have been approved by our Supreme Court in the refusal of a writ of error therein.

For this additional reason, therefore, the judgment already entered must stand, and this motion be denied, there being no merit in the other contention of the motion, that plaintiffs herein are bound by the result in the attachment suit. The trustees who bring this suit at the instance and for the benefit of the creditors, as alleged, though members of the board of directors of the corporation before it ceased to do business, were not parties to the attachment suit brought thereafter against the corporation, certainly not in the right and capacity in which this suit is prosecuted.

*Overruled.*

Delivered February 14, 1896.