**ROBERTS v. STONEHAM et al.**

No. 7486.

Court of Civil Appeals of Texas. Austin.

Sept. 17, 1930.

Rehearing Denied Oct. 8, 1930.

ownership. Thereafter Hallmark and Jordan intervened, asserting their ownership of the fund, and asked that the writ of garnishment be quashed on account of certain defects in the bond. Later Abbott filed a motion to quash on the same grounds. Other matters shown by the record are not material under our holding.

In a motion embodied in his brief and filed nearly three months after the record was filed in this court, appellee asked for dismissal of the appeal on the following grounds:

(1) Because no judgment has been rendered in the main case, and therefore (a) the appeal is premature; and (b) appellant is not an aggrieved party.

(2) Because the garnishee was not made payee in the appeal bond.

We overrule the motion for the following reasons:

█ While it is true that garnishment is a species of execution and ancillary to the main suit, nevertheless it involves other parties, in this instance the garnishee and the claimants of the fund, and is regarded as a separate proceeding for the purposes of appeal. It has been uniformly held that an appeal will lie from a final judgment in garnishment, independently of the action in the main case. It is true that no judgment against the garnishee can be rendered until a judgment has been rendered against the main defendant, but this is true because there could be no execution in the main case or satisfaction of the claim sued on therein until the judgment was rendered. It does not follow, however, that a final judgment may not be rendered quashing the garnishment writ and discharging the garnishee until after judgment in the main suit. The same reasons for such holding do not exist as in the case where the judgment is against the garnishee. It might be very important to the garnishee or to some other person claiming the fund to have a speedy determination of the issue of whether or not there was a valid impounding of the fund, or whether the defendant was its true owner, and, where the holding and judgment of the trial court is to discharge the garnishee from liability, such judgment we think should be held to be final, regardless of whether there had been any judgment in the main suit. This appears to be the holding in Walton v. Bank (Tex. Civ. App.) 185 S. W. 369. See, also, 3 Tex. Jur. 109.

█ If we are correct in the above holding, then it necessarily follows that the plaintiff is aggrieved by the judgment discharging the garnishee. It is true his debt has not yet been established, but a final judgment discharging the garnishee is an adverse adjudication of his claim to have the fund subjected

Gibbs & Lewis, of San Angelo, for appellant.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for appellees.

McCLENDON, J.

Appeal in a garnishment proceeding from a judgment quashing the garnishment writ and discharging the garnishee.

The record shows: Roberts sued Abbott for $221.31 and caused writ of garnishment to issue against Stoneham as garnishee. Stoneham filed an answer, denying liability other than upon a promissory note for $384.90, which was then in suit, alleging that the note was never delivered by the garnishee, and he was therefore not liable thereon. Abbott later filed an answer in the garnishment proceeding, alleging that, at the time the garnishment was served, the indebtedness owing by Stoneham had been assigned to Hallmark and Jordan, and asked for judgment establishing said

to such indebtedness, if any, as he may establish in the main suit.

Under R. S. art. 1840, defects both of substance and of form in an appeal bond may be cured by amendment. Such defects are not jurisdictional [Foster v. Bunting (Tex. Civ. App.) 19 S.W.(2d) 784], and are waived by failure to present objections to the bond by motion within thirty days after the transcript is filed. Court of Civil Appeals Rule 8; De Proy v. Progakis (Tex. Civ. App.) 259 S. W. 620.

On the merits of the appeal we hold that Abbott, defendant in the main suit, cannot urge the defects in the garnishment proceeding, for the reason that in his answer he disclaims any interest in the fund, asserting that before the garnishment he had assigned it to Hallmark and Jordan. This was the precise holding of this court in Dallas Packing Co. v. Kimberling, 289 S. W. 149.

We are also of the view and so hold that the interest of Hallmark and Jordan is not such as to give them the right to question the validity of the garnishment proceedings. Their interest in the fund is wholly independent of the validity of the garnishment. If they are in fact the owners of the fund, the garnishment as to them is invalid. If they are not the owners of the fund, it is immaterial to their interest whether or not it has been legally impounded. The only controversy so far as they are concerned is one of ownership, which, in view of the disclaimer of Abbott, is between them and Roberts. The following authorities in principle support this view: Goodbar v. Bank, 78 Tex. 461, 14 S. W. 851; Reinertson v. Bennett (Tex. Civ. App.) 185 S. W. 1027.

The trial court's judgment is reversed, and the cause remanded.

Reversed and remanded.