**FIDELITY GROUP INS. CO. v. LE BOW et al.**

**No. 12444.**

Court of Civil Appeals of Texas. Dallas.

June 19, 1937.

Rehearing Denied July 17, 1937.

G. R. Lipscomb, of Fort Worth, for appellant.

Le Roy Paddock, of Howe, and Wright K. Smith, of Dallas, for appellees.

BOND, Justice.

The appellant, Fidelity Group Insurance Company, a mutual assessment life insurance corporation, operating under certificate and permit issued in pursuance of article 4859f, Vernon's Ann.Civ.St. (Acts 1933, 43d Leg. p. 856, c. 245, as amended Acts 1935, 44th Leg. p. 651, c. 264), filed in a district court of Dallas county, Tex., a bill of interpleader, alleging that funds deposited in the Mercantile National Bank of Dallas, Tex., and in the Texas Bank & Trust Company, impounded by appellees in garnishment proceedings, are trust funds for the protection of all policyholders and claimants, wheresoever the rights of said policyholders and claimants may have accrued or been incurred. The two banks and many of the policyholders and claimants, including appellees, holding amounts owing by the corporation, were made parties to the bill of interpleader; appellant sought to have them to file pleadings in the cause and establish their respective claims against the corporation, and the court to determine the priority and distribution, proratably, of the funds in said banks, and, by writ of injunction, restrain appellees from collecting and the banks from paying out of said deposits, on garnishment proceedings, appellees' claims during the pendency of the suit.

The court below granted a temporary injunction, and, on a hearing, dissolved the injunction, from which this appeal is prosecuted.

The question here presented, which we deem necessary or proper to decide in this interlocutory proceeding is, are the funds, deposited in the two banks, trust funds as to exempt them from the garnishment proceedings instituted by appellees whom, the record shows, have valid claims against the insurance company arising under policies or certificates issued by the company and which claims have been finally determined as owing by a court of competent jurisdiction? If it can be said that the deposits are trust funds and not subject to the garnishments of appellees, then, the temporary injunction in the first instance was properly granted to hold the matter in statu quo pending a final determination of appellees' bill of interplead-

er and such pleadings of parties thereto as may be filed by them; and, the court below would have abused its discretion in dissolving such injunction.

The appellant is a mutual life insurance corporation, without capital stock, paying no dividends or earning no profits, insolvent, unable to pay the amount of claims existing against it; but, continues to do business; soliciting life insurance, issuing policies, and forming groups authorized by the certificate and permit issued under authority of the insurance law of this State (Article 4859f, Vernon's Ann.Civ.St.). The funds deposited in the banks were placed therein to guarantee the payment of amounts owing by the corporation of valid claims arising under policies issued to members of the respective groups, and in compliance with section 4 of article 4859f, Vernon's Ann.Civ.St., which reads, as follows: "Sec. 4. *Deposits.* Before any certificate or permit shall issue to any corporation under the terms of this Act, the corporation shall furnish the Board of Insurance Commissioners with evidence of the fact that the corporation has on deposit with some bank or trust company in this State subject to the payment of its obligations for benefits due under its policies or certificates wheresoever incurred a sum equal to the face value of the maximum loss insured by said corporation in any individual policy issued by it. Said deposit shall not be subject to check by the corporation, but the corporation may draw the interest, if any, accruing on said deposit. Said deposit shall be held for the protection of policyholders and claimants wheresoever the rights of said policyholders and claimants may have accrued or been incurred, the purpose of said fund being to guarantee the payment of the amount owing by the corporation on any valid claim against such corporation for benefits under a policy or certificate after determination by a court of final jurisdiction wherever rendered. Said deposit shall be subject to the extraordinary writs of attachment and garnishments as provided by the laws of this State, but said writs shall not issue until final judgment has been rendered against the corporation. If said fund shall become depleted or shall become impounded by some process of a court, then the Board of Insurance Commissioners shall require the corporation to immediately restore said deposit to its original sum, and upon the failure of the corporation to so restore said deposit within ten (10) days after such notice, the Board of Insurance Commissioners shall call upon the Attorney General to proceed against the corporation as provided in section 13 of this Act."

Section 13 of this act provides that, in the event of insolvency, "the Board [of Insurance Commissioners] shall report the fact to the Attorney General of this State who shall thereupon apply to any court in Travis County having jurisdiction thereof for leave to file a suit in the nature of quo warranto to forfeit the charter of such corporation or to require it to comply with the law or to satisfy the Board as to its solvency," and further provides that, "the court may, in its discretion, appoint agents or receivers to take charge of the effects and wind up the business of the corporation, under usages and practices of equity, and may make disposition of the business and membership of the corporation as in the discretion of the court may seem proper."

■ The rights of creditors in the fund deposited in the banks are expressly fixed by the above statute, the fund is subject to garnishment by designated creditors only after final judgment, and, then, when the fund is depleted or impaired, the right of the corporation to continue business and avoid forfeiture of its charter, the statute imposes upon it the duty to immediately restore the fund or suffer the consequences, as provided in section 13 of the act. The mere fact that the corporation is insolvent does not place the deposit beyond the operation of the statute. So long as the corporation continues business in the usual and ordinary manner, the statute as to the deposit is effective. The assets of the corporation reach an equitable trust estate in favor of creditors generally, only when the corporation is insolvent and ceases to do business. Gillespie et al. v. Citizens Nat. Bank of Weatherford et al. (Tex.Civ.App.) 97 S.W.(2d) 310.

■ It is no longer an open question in this state that all assets of insolvent corporations which have failed in business, and all assets of individuals not exempt to them, and who have been declared a bankrupt, become trust estates for the benefit of all creditors alike. The rights of all creditors in such estates arise by virtue of the conditions of which the trust attaches. It is the condition of insolvency and the cessation of business or bankruptcy which creates the trust estate, in which all credit-

758

ors may exercise equal rights. No one creditor is entitled to an advantage by garnishment or attachment over other creditors. Wright et al. v. Euless et al., 12 Tex.Civ.App. 136, 34 S.W. 302; Orr & Lindsley Shoe Co. v. Thompson, 89 Tex. 501, 35 S.W. 473; Oglesby v. Durr (Tex. Civ.App.) 173 S.W. 275 (writ of error refused).

■ It can readily be seen that the statute under consideration, requiring deposit of funds in bank, beyond the control of the corporation, is for the protection of all policyholders and claimants coming under the purview of the statute, and can only be reached by writs of attachment and garnishment by creditors whose claims have been established by a court of competent jurisdiction; thus, if the corporation be insolvent and at the same time exercising the rights granted under the certificate and permit from the state, and continues to do business, it is amenable to the statute to restore the depleted deposit. Thus, so long as such corporation replenishes the fund (and it is granted 10 days after the fund has been depleted by garnishment to comply with the provision of the act), a forfeiture of its charter is not favored by the law, and, until such condition arises and the corporation ceases to do business, an equitable trust estate for all creditors of the corporation does not attach to the fund deposited for the specific purpose named. The statute makes no provision for such corporations to distribute among its creditors the guaranteed fund deposited in the bank. The corporation has no right in or control over such deposit. It is a guaranteed trust fund only for the purpose of paying amounts owing to policyholders, established and impounded by writs of attachment and garnishment after judgment. Creditors have no interest in or right to the funds, except only as they shall come within the terms of the statute. The specified creditors' rights exist only by having claims owing to them by the corporation, determined by final judgment of a court, and then, the rights to the funds attach by virtue of the court processes.

With the aid of the statute, appellees' rights in the fund have attached, which are superior to the equitable rights of creditors sought to be brought into the suit by appellant's bill of interpleader; consequently, we affirm the judgment of the trial court, dissolving the temporary injunction.