**PROCTOR et al. v. ASSOCIATES INV. CO. et al.**

No. 12510.

Court of Civil Appeals of Texas. Galveston.

April 16, 1953.

Bernard A. Golding, of Houston, for appellants.

Robert L. Sonfield, Nat Friedman, both of Houston, for appellees.

CODY, Justice.

This was a garnishment proceeding in which the defendant in the main action, and an intervenor, filed a cross-action against the plaintiff in garnishment for damages as for wrongful impounding of funds in the hands of the garnishee. In the main action the plaintiff recovered an indebtedness against the defendant in the sum of $2,393.-65. The judgment in the main action was

duly affirmed before the judgment was rendered in the garnishment proceeding. See Proctor v. Associates Inv. Co., Tex.Civ. App., 245 S.W.2d 501.

The main action in the district court of Harris County bore the style of Associates Investment Company v. J. M. Proctor, d/b/a Proctor's Used Cars, and was numbered on the docket of that court No. 355,-209. The application for the garnishment proceeding was filed in due order on November 29, 1949, under the style Associates Investment Company v. J. M. Proctor, d/b/a Proctor's Used Cars—Stewart Title Guaranty Company of Texas, Garnishee, and bore the docket No. 355,209–A. On December 9, 1949, the defendant in the main action filed a motion to quash the writ of garnishment. Among other grounds urged in said motion to quash were allegations to the effect (1) that the defendant in the main action owns property within this State subject to execution and of sufficient value when sold under execution to satisfy the alleged debt, all of which was known or under the exercise of ordinary care should have been known to the plaintiff, and (2) that the money impounded in the hands of the garnishee belonged to a partnership composed of defendant J. M. Proctor and one B. O. Proctor, and consequently is not subject to garnishment for the individual debt of defendant, J. M. Proctor.

On December 29, 1949, said motion to quash was heard and the court found upon such hearing from "the pleadings of the respective parties and from the evidence introduced" that the motion to quash should be overruled. The defendant, J. M. Proctor, gave due notice of appeal but did not thereafter undertake to perfect such appeal. In the order overruling said motion to quash the court granted "defendant and cross-plaintiff", J. M. Proctor, leave to implead B. O. Proctor.

Thereafter, on January 30, 1950, J. M. Proctor and B. O. Proctor, as "movants and cross-plaintiffs", filed under leave of the court a first amended motion to quash the garnishment, together with a cross-action for damages for the alleged wrongful impounding of the funds in the hands of the garnishee. Among the grounds set forth in said first amended motion to quash the writ of garnishment were the aforesaid two grounds urged in the original motion to quash, set out above under Nos. (1) and (2). In addition, the two aforesaid grounds were alleged as the basis of the garnishment of the funds in the hands of the garnishee being wrongful, in the cross-action for damages. Then, on March 21, 1950, the court again conducted a hearing on the motion to quash and overruled said amended motion to quash. The movants thereupon objected and excepted, but did not give notice of appeal.

The garnishee's original answer has not been brought up in the transcript. However, on April 28, 1952, the garnishee (Stewart Title Guaranty Company) filed its supplemental answer to the writ of garnishment and therein stated that, since the filing of garnishee's original answer "the deed to the property described in said original answer has been delivered to the grantee (named in said deed) and the funds in its hands, with the exception of $2,174.42, have been paid to the sellers, J. M. Proctor, B. O. Proctor and Estella Proctor", and stated further that said sum of $2,174.42 by agreement of the parties has been paid into the registry of the court to abide the result of the proceeding. The plaintiff in due order filed its controverting affidavit to the garnishee's original answer on March 14, 1950. In substance said controverting affidavit asserts that the sale of the property referred to by the garnishee in its original answer, and described in the deed mentioned by the garnishee therein, had been completed; and that the money due to the defendant in the main action, J. M. Proctor, in regard to said sale had been paid to said garnishee, and is now in possession of the garnishee and the garnishee is indebted by reason thereof to the said J. M. Proctor in an amount of money peculiarly within the knowledge of the said J. M. Proctor and the garnishee.

On April 28, 1952, the same being after final judgment in the main action, all parties, including the plaintiff, the garnishee, the defendant in the main suit, J. M. Proctor, as well as all parties to the cross-action, announced ready for trial. And thereupon

the plaintiff proceeded to prove up the judgment for the debt which it had obtained in the main suit, etc. and rested. Thereupon cross-plaintiffs offered evidence in support of their allegations in answer to the garnishment proceedings, and in support of the allegations in their cross-action, being allegations to the effect (1) that the plaintiff (appellee here) had knowledge that defendant and cross-plaintiff J. M. Proctor owned property within this State subject to execution and of sufficient value when sold under execution to satisfy his said debt to plaintiff, and to the further effect (2) that the funds impounded in the hands of the garnishee belonged to the real estate partnership composed of J. M. Proctor and B. O. Proctor. The plaintiff and cross-defendant, Associates Investment Company seasonably objected to the admission of evidence tending to support aforesaid allegations, upon the ground that said issues had theretofore been determined against the defendant, J. M. Proctor, and intervenor, B. O. Proctor, in the hearing on the motions to quash the writ of garnishment. The court sustained said objection and would not permit the introduction by the said defendants and cross-plaintiffs of such evidence. Whereupon said defendants and cross-plaintiffs duly excepted and objected and at length set forth what evidence they would have introduced had the court permitted same. The said defendants and cross-plaintiffs then notified the court that, unless permitted to introduce evidence to support their said allegations they could not proceed further with their proof. Whereupon the plaintiff moved the court to direct a verdict in its favor and render judgment for plaintiff for the money then on deposit in the registry of the court, which motion the court duly granted, and rendered judgment that plaintiff recover the money in the registry of the court, and rendered judgment against defendant in the garnishment, and further rendered judgment that cross-plaintiffs take nothing against the cross-defendant in the cross-action. From which action of the court, the aforesaid defendant and intervenor in their several capacities perfected their appeal.

Appellants predicate their appeal upon a single point stated by them as being "The trial court erred in withdrawing this case from the jury and in rendering a verdict for appellee."

■ It is the settled law of Texas that an order sustaining a motion to quash a writ of garnishment constitutes a final judgment or disposition of the garnishment proceeding. Walton & Stockton v. Corpus Christi National Bank, Tex.Civ.App., 185 S.W. 369. See also Roberts v. Stoneham, Tex.Civ.App., 31 S.W.2d 856. A garnishment proceeding for purposes of appeal may therefore be deemed, at least under certain circumstances, a separate suit from the main action. A garnishment proceeding has its own style and docket number, and an order which results in releasing the funds which have been impounded leaves nothing before the court to be dealt with in such proceeding, and so in its nature is a final disposition of the subject matter of the proceeding. This is true equally whether the court grants the motion summarily, because of some supposed failure on the part of the plaintiff to comply with the requirements of law necessary to the issuance or service of a valid writ of attachment, or whether the court grants the motion upon the hearing and determination of some fact issue, such as that the defendant in the main action is not the true owner of the impounded fund. See Roberts v. Stoneham, supra.

■ The appellants in the motions to quash the writ of garnishment tendered the two fact issues set forth above, upon which they also based their cross-action for damages, as constituting the impounding of the funds in the hands of the garnishee wrongful. Being fact issues, the parties were entitled to have same submitted to the determination of a jury. The parties could, of course, as they did do, leave the determination of such fact issues to the court, without the aid of a jury.

Fact issues, such as the answerability of impounded funds for the purpose for which they are impounded, ought to be permitted to be determined prior to the time that the judgment in the main action becomes final. As stated in Roberts v. Stoneham, supra, at page 857 of 31 S.W.2d 856, "It might be

very important to the garnishee or some other person claiming the fund to have a speedy determination in the issue of whether or not there was a valid impounding of the fund, or whether the defendant was its true owner, and, where the holding and judgment of the trial court is to discharge the garnishee from liability, such judgment we think should be held to be final, regardless of whether there had been any judgment in the main suit."

Here the appellants plead in motions to quash the garnishment that (1) the defendant in the main action owned property within the State subject to execution, and of sufficient value when sold under execution, etc., and (2) that the money impounded in the hands of the garnishee belonged to a partnership of which the defendant in the main action was a member, and so was not answerable for an individual indebtedness of said defendant. Said fact issues were also plead as the reason why the garnishment was wrongful, and as the basis of the cross-action against plaintiff for damages for the alleged wrongful garnishment of the funds in the hands of the garnishee. These fact issues were determinative of whether the funds in the hands of the garnishee were subject to being impounded to satisfy the indebtedness of the defendant in the main issue. The speediest manner in which these issues could be determined would be to raise them in a motion to quash. The appellants chose to raise these issues in such motions, though they also plead such issues in a cross-action for damages. We believe that appellants had the absolute right to raise such factual issues, and obtain a speedy determination thereof. Roberts v. Stoneham, supra. And being fact issues, appellants or appellee had the right to have the determination thereof submitted to a jury. But neither side demanded a jury in the hearing on these fact issues submitted in the motions to quash. Had there been a jury assisting the court in the hearing of these fact issues raised by the motions to quash, we believe it would not likely be contended that the appellants would have a right to have another determination of these two fact pleas.

We are in no proper sense dealing here with the principle of res adjudicata, nor even with estoppel by judgment. The principle which is here involved is whether parties are entitled as a matter of right to more than one determination of fact pleas. Whether the action of the court in overruling the motions to quash the garnishment constituted a final judgment from which appellants should have perfected an appeal, or whether the court's order overruling such motions was merely interlocutory, we need not determine. But in any case, appellants were entitled to only one determination of the aforesaid fact issues. And any error which appellants are entitled to urge as to the exclusion of evidence tendered on said issues must relate to the hearings on the motions.

Had the court upon said hearings of the motions determined the fact issues or either of them in favor of appellants, the wrongfulness of the garnishment would have become established. And the issues which then would have had to be determined in the cross-action would have been limited to the amount of damages sustained by appellants by reason thereof.

Judgment is affirmed.