W. F. SMITH, Appellant,

v.

Buck C. MILLER et al., Appellees.

No. 12906.

Court of Civil Appeals of Texas.

Galveston.

Dec. 8, 1955.

Rehearing Denied Jan. 5, 1956.

Herman W. Mead, Houston, for appellant.

Dan Brown, Houston, for appellees.

GANNON, Justice.

■ The nature of the case before us is plain from the opening sentence of appellant's brief: "This is an appeal from an interlocutory order overruling the Motion of W. F. Smith, Defendant, hereinafter called Appellant, to quash the writ of garnishment filed in this cause by Buck C. Miller and E. R. Parker as Plaintiffs and Garnishers hereinafter referred to as Appellees against City National Bank of Houston, as Garnishee." We have no jurisdiction of an appeal from an interlocutory order overruling a motion to quash the writ in a garnishment suit. Such an order, as stated by appellant, is interlocutory and not a final judgment and there is no statutory authority authorizing such an appeal. See 3A Tex.Jur., title "Appeal and Error," Section 86, page 1155, where it is said:

"3. Interlocutory Judgments and Orders

"§ 86. In General.—Unless it is otherwise provided by statute, an interlocutory judgment or order is not appealable, and is reviewable by a higher court only after final judgment has been rendered in a case. The constitution does not guarantee a right of appeal from such an order, and obviously a statute authorizing an appeal from a final judgment has no application."

For examples of interlocutory orders held not appealable see 3A Tex.Jur., title "Appeal and Error," Section 88, page 119. We regard as applicable the language of the Court in Rogers v. East Line Lumber Co., 11 Tex.Civ.App. 108, 33 S.W. 312, where it is said: "The action of a court upon a motion to quash an attachment becomes final upon a trial of the cause and a final judgment rendered therein." This is to be read in the light of the fact that the order there involved was one overruling the motion to quash.

■ The form of our order will be to dismiss the appeal without prejudice to the right to proceed to final trial and disposition of the entire controversy. See Hubbard v. Tallal, 127 Tex. 242, 92 S.W.2d 1022; 3B Tex.Jur., Sec. 811, page 208.

We are cited to several authorities, among them our own recent case of Proctor v. Associates Inv. Co., Tex.Civ.App., 257 S.W.2d 324, 327, which hold that a garnishment suit is separate from the main action for purposes of appeal, and that when in such a suit an order is entered quashing the writ, which in its nature is final and releases the funds which had been impounded leaving nothing further before the court to be decided, an appeal lies as from a final judgment. We see nothing in such cases contrary to the disposition of the present appeal. In fact, in the Proctor case we said: "Whether the action of the court in overruling the motions to quash the garnishment constituted a final judgment from which appellants should have perfected an appeal, or whether the court's order overruling such motions was merely interlocutory, we need not determine."

We are also cited to Archer v. Ross, Tex.Civ.App., 262 S.W.2d 213, but the case is inapplicable. The opinion does hold, and correctly, that an interlocutory order appointing a receiver is appealable. This is so because Article 2250, Vernon's Ann. Tex.St., makes it so. That Article provides that an appeal shall lie from "an interlocutory order * * * Appointing a receiver or trustee in any cause. * * *"

Dismissed without prejudice.