CORO FEDERAL CREDIT UNION *vs.* IRVING WINOGRAD, *Clerk.*

JULY 10, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an appeal from a judgment of the superior court denying a petition for a writ of mandamus against the respondent.

The petitioner commenced an action in the sixth judicial district court against Joseph Caraman. Queen Print Works, Inc. was named as trustee in the writ. Before the case was heard on its merits the defendant moved that the garnishment be quashed because he had received public aid within a year. The district court granted this motion, and the petitioner claimed an appeal to the superior court under general laws 1938, chapter 525, §7. The respondent refused to certify the case to that court, whereupon petitioner brought a petition for mandamus in the superior court to compel respondent to certify the case and the papers therein to that court. The respondent demurred to the petition and his demurrer was sustained, hence this appeal.

The respondent moved before us to dismiss the appeal. He argued that it was not taken within the statutory time limit. The material part of §1, chap. 541, G. L. 1938, reads as follows: "* * * any party aggrieved by a final judgment in any proceeding in, or in the nature of, a prerogative writ, except habeas corpus, may, within 5 days after entry of such judgment, appeal to the supreme court."

Following the action of the trial justice on the demurrer on September 24, 1956, petitioner filed a notice of intention to prosecute a bill of exceptions. When the allowance of the bill came on to be heard the petitioner, having apparently learned that it should have filed an appeal rather than a bill of exceptions, withdrew its exceptions and on that day, October 17, 1956, upon its motion, the trial justice ordered judgment for the respondent. On the same day petitioner appealed to this court.

The question thus presented is whether the five-day time

limit began to run from the time of the decision on September 24, 1956 or from the date the formal judgment was entered on October 17, 1956. There is a diversity of opinions on this question. See 4 C.J.S., Appeal and Error, §445. The courts holding that the time should run from the entry of a formal judgment base such holding upon the need for record evidence that the case is finally completed in the lower court. We believe this to be the better rule.

The United States Court of Appeals for the first circuit recently considered the same question in *United States* v. *Higginson*, 238 F.2d 439. In a carefully prepared opinion written by Judge Hartigan, it was held that where the trial justice filed an opinion in which he said judgment should be entered for the plaintiff, but it was not until some six weeks later that he signed a formal judgment, the time for appeal began to run from the latter date. Furthermore, the language of our appeal statute "after entry of such judgment" leaves little, if any, room for doubt of the need for the actual entry of the judgment in a case like this. The respondent's motion to dismiss the appeal is therefore denied.

We now come to the question whether the case was appealable from the district court to the superior court. On the record we think it was. Section 7, *supra,* provides that any person aggrieved by the decision of the district court may appeal to the superior court "on all questions of law and fact." In *George E. Merewether, Inc.* v. *Equi*, 53 R. I. 148, which was a petition by a garnishee for a writ of certiorari to a district court, the defendant in the main case had been defaulted and the question of charging the garnishee was continued to a subsequent date at which time the garnishee was charged. Instead of attempting to appeal to the superior court the garnishee brought a petition for a writ of certiorari. This court, construing said §7, held that the garnishee who claims he had been erroneously charged is clearly a person aggrieved by such decision of

the district court and is entitled to appeal to the superior court. It thereupon denied the garnishee's petition for certiorari and quashed the writ theretofore issued, because the garnishee had an adequate and complete remedy by appeal.

By a parity of reasoning it seems to us that petitioner here is a person aggrieved by the decision that amounted to a discharge of the garnishee, and in *Roberts* v. *Stoneham*, 31 S.W.2d 856, the Court of Civil Appeals of Texas so held. That court stated at page 857:

"It has been uniformly held that an appeal will lie from a final judgment in garnishment, independently of the action in the main case. It is true that no judgment against the garnishee can be rendered until a judgment has been rendered against the main defendant, but this is true because there could be no execution in the main case or satisfaction of the claim sued on therein until the judgment was rendered. It does not follow, however, that a final judgment may not be rendered quashing the garnishment writ and discharging the garnishee until after judgment in the main suit. The same reasons for such holding do not exist as in the case where the judgment is against the garnishee. It might be very important to the garnishee or to some other person claiming the fund to have a speedy determination of the issue of whether or not there was a valid impounding of the fund, or whether the defendant was its true owner, and, where the holding and judgment of the trial court is to discharge the garnishee from liability, such judgment we think should be held to be final, regardless of whether there had been any judgment in the main suit. This appears to be the holding in Walton v. Bank (Tex. Civ. App.) 185 S. W. 369. See, also, 3 Tex. Jur. 109.

If we are correct in the above holding, then it necessarily follows that the plaintiff is aggrieved by the judgment discharging the garnishee. It is true his debt has not yet been established, but a final judgment discharging the garnishee is an adverse adjudication of his claim to have the fund subjected to such indebtedness, if any, as he may establish in the main suit."

The petitioner's appeal is sustained, the judgment of the superior court is reversed, and the cause is remanded to that court for further proceedings in accordance with this opinion.

FLYNN, C. J., did not participate in the decision.

*Aram K. Berberian, Rosenstein & Jacques,* for petitioner.

*Irving Winograd, pro se,* for respondent.