**M. E. SHIFLETT, Appellant,**

v.

**ASSOCIATED OIL & GAS CO., Appellee.**

No. 15062.

Court of Civil Appeals of Texas.

Houston.

Feb. 23, 1967.

Rehearing Denied March 16, 1967.

Percy Foreman, Levert J. Able, Miller B. Walker, Jr., Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Austin C. Wilson, Carolyn Dineen Randall, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from an order quashing a writ of attachment levied on certain real estate in Harris County belonging to appellee.

Appellee has filed a motion to dismiss the appeal on the ground that the order is interlocutory and not appealable since there is no rule or statute authorizing an appeal.

From the record, we find that appellant on September 8, 1966, filed his second amended original petition asserting a cause of action for damages against appellee and other parties. In it appellant asserts that appellee "is a foreign corporation * * * with a permit to do business in Texas." At another point in said petition appellant alleges "service is not necessary upon * * * Associated Oil & Gas Co. and Walter L. Maguire, as they have been previously served and have answered herein."

On September 21, 1966, in the same cause appellant filed his affidavit for attachment alleging that appellee was in-

debted to him, his demand being for $500,-000.00. He further alleges appellee is a foreign corporation; that the attachment is not sued out for the purpose of injuring or harassing appellee; and that appellant will probably lose his debt unless the attachment issues. The writ issued and was levied on real estate in Harris County belonging to appellee.

We need not notice the grounds set out in appellee's motion to quash as we are not passing on whether the court erred in sustaining the motion.

We think it material, however, in passing on whether we have jurisdiction to observe that this is not a case where appellant employed attachment as a means of obtaining jurisdiction over the person and the court in quashing the writ dismisses the case for want of jurisdiction over the person. Jurisdiction over appellee has been obtained by service of citation and by appellee's having answered. The cause of action asserted remains on the docket awaiting trial on the merits.

■ In Texas, except where some rule or statute authorizes an appeal from an interlocutory order there is no right of appeal. Henderson v. Shell Oil Company, Inc., 182 S.W.2d 994 (S.Ct.); Carpenter Body Works, Inc. v. McCulley, 389 S.W.2d 331 (CCA), writ ref. An appeal lies only from a final judgment. Vernon's Ann.Civ.St. Article 2249. A final judgment is one that finally determines all issues and disposes of all parties in a case.

■ This Court, in the case of Smith v. Miller et al., Tex.Civ.App., 285 S.W.2d 413, held an order overruling a motion to quash an attachment was not appealable because it was interlocutory and no rule or statute authorized an appeal.

The reason for such a holding is that an attachment is wholly ancillary to and a part of the main suit. It is finally disposed of in a final judgment in the main suit.

■ There are Texas cases, as appellant contends, holding that an order quashing a writ of garnishment is appealable. See Proctor v. Associates Inv. Co., 257 S.W.2d 324 (Tex.Civ.App.), n. w. h.; Roberts v. Stoneham, 31 S.W.2d 856 (Tex. Civ.App.), n. w. h.; and Walton & Stockton v. Corpus Christi Nat. Bank, 185 S.W. 369 (Tex.Civ.App.), n. w. h. Appellant likens these cases to those where, as in this case, a writ of attachment has been quashed. There is, however, a fundamental difference between the two proceedings.

The writ of attachment in this case exists only as a part of the main suit.

A garnishment proceeding, while ancillary to the main suit in the sense that no funds impounded can be applied in favor of a garnishor until the garnishor obtains a final judgment in the main suit, is a separate suit in the sense that it is docketed separately and there is at least one different party, that is, the garnishee. There may be adverse claimants to the impounded funds who would be entitled to intervene. In such separately styled and docketed proceeding the court finally disposes of the parties and issues in the proceeding. See discussion in Proctor v. Associates Inv. Co., supra; Roberts v. Stoneham, supra, and Phillips v. Interstate Securities Co. of Texas, 250 S.W.2d 444 (CCA), n. w. h.

It is also to be observed that Rule 659, Texas Rules of Civil Procedure, expressly provides that the case in garnishment shall be docketed in the name of the plaintiff as plaintiff and of the garnishee as defendant. We find no such rule or statute so providing with regard to attachments. Therefore, when a garnishment proceeding is disposed of it finally disposes of the issues and parties in the separately styled and docketed proceeding. This is not true in an attachment proceeding such as we have involved here.

Appeal dismissed.